UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| HOSEA L. ROBINSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:19-CV-99 SPM |
|  | ) |  |
| STATE OF MISSOURI, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff's motion to proceed in forma pauperis. Having reviewed the record, the Court will grant plaintiff's motion to proceed in forma pauperis and will instruct the agency having control over plaintiff to pay his filing fee in accordance with 28 U.S.C. § 1915(b)(2). However, the complaint is defective because, among other things, it was not drafted on the court form. See E.D. Mo. Local Rule 2.06(A). Because the plaintiff is proceeding pro se, the Court will give him an opportunity to submit an amended complaint based on the Court's instructions. Plaintiff's failure to comply with this Order will result in dismissal of this action, without prejudice.

**Background**

Plaintiff's filed his pro se complaint titled "Plaintiff's Motion for the Injunctive Relief of the Immediate Dismissal of All Criminal Charges With Prejudice for the Above Named Defendants; Intentionally Violation And Discrimination of Time Equal Protection Clause of the 14th Amendments and My 6th and 14th Amendments of Due Process of a Fair and Unprejudiced Speedy Trial by Public Jury."

In his complaint, plaintiff asserts that his rights have been violated under the "ADA" (the Americans with Disabilities Act) and the "ADAAA" (the Americans with Disabilities Act Amendments Act). He named as defendants the State of Missouri, the Department of Corrections and Corizon Health Care Services.

**Discussion**

Plaintiff's complaint makes sweeping allegations of constitutional violations, however, it provides no factual support for his assertions. Moreover, it fails to explain how any particular individual was personally responsible for violating his rights, thereby making it difficult for the Court to review his assertions under 28 U.S.C. § 1915. Also, plaintiff's complaint is defective because it is not filed on a court form. Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint on a court-provided form.

Plaintiff has **twenty-one (21) days** from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here, or he will face dismissal of his action, without prejudice. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a). Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

The Court notes that many of the claims raised in plaintiff's complaint complaint appear to be the same claims raised in previously-filed suits before this Court. *See Robinson v. State of Mo.*, No. 1:18-cv-297 NCC (filed Dec. 17, 2018; dismissed Apr. 23, 2019); *Robinson v. St. Louis*

*City*, No. 4:18-cv-1853-HEA (filed Oct. 24, 2018; still pending); *Robinson v. State of Mo.*, No. 4:18-cv-1225-JAR (dismissed Oct. 24, 2018; appeal dismissed Jan. 31, 2019); *Robinson v. State of Mo.*, No. 4:18-cv-114-RLW (dismissed Jan. 29, 2018); *Robinson v. Payne*; No. 4:18-cv-1224-CDP (dismissed Oct. 29, 2018); *Robinson v. Glass*; No. 4:17-cv-1628-PLC (dismissed Sept. 28, 2017; appeal dismissed Jan. 19, 2018).

The plaintiff is warned that he may not proceed in forma pauperis more than once on the same claims. *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Also, the Court may dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992). Plaintiff's amended complaint should be clear on how the claims raised in this matter differ from claims already considered by the Court, and from claims pending in other suits before the Court.

The filing of an amended complaint replaces the original complaint and all previously-filed supplements, so plaintiff must include each and every one of the claims he wishes to pursue in the second amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate

whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, in separate, numbered paragraphs plaintiff should set forth the specific factual allegations supporting his claim or claims against each defendant, as well as the constitutional right or rights that defendant violated. Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice. After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Last, the Court will deny plaintiff's motion for appointment of counsel at this time, as it appears that plaintiff is able to represent his own interests and the matter does not appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the District Court filing fee is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED at this time**.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of June, 2019.