**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| HOSEA L. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-99 SPM |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Hosea L. Robinson for leave to commence this civil action without prepayment of the filing fee. The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff, a prisoner and a frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, for failure to state a claim, or on statute of limitations grounds. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated three strikes. *See Robinson v. City of St. Louis Division of Corrections, et al.*, No. 4:16-cv-1535-RWS (E.D. Mo. Dec. 30, 2016); *Robinson v. State of Missouri,* No. 4:18-cv-114-RLW (E.D. Mo. Jan. 29, 2018);

*Robinson v. State of Missouri, et al.*, No. 4:18-cv-1225-JAR (E.D. Mo. Oct. 24, 2018); and

*Robinson v. State of Missouri et al.,* No. 1:18-cv-297-NCC (E.D. Mo. Apr. 23, 2019). Therefore,

he may proceed in forma pauperis in this action only if he is under imminent danger of serious

physical injury.

Plaintiff filed the original complaint on June 20, 2019, alleging generally that defendants

were deliberately indifferent to his healthcare needs and that his constitutional rights were

violated during his state court criminal proceedings.[1] On July 11, 2019, plaintiff filed an

amended complaint. "It is well-established that an amended complaint supersedes an original

complaint and renders the original complaint without legal effect." *In re Wireless Telephone*

*Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). In the amended

complaint, plaintiff asserts that he wishes to bring a class action on behalf of all "chronically ill,

disabled [inmates] under the equal protection clause of the 14th Amendment." He asserts that he

wishes to bring claims similar to those he brought in *Robinson v. Missouri*, No. 1:18-CV-297

NCC (E.D.Mo.).[2] Additionally, he alleges that his constitutional rights were violated during his

state court criminal proceedings. He seeks injunctive relief.

Neither the complaint nor the amended complaint contain non-conclusory allegations that

plaintiff is under imminent danger of serious physical injury. He therefore may not proceed in

---

[1]Plaintiff also filed a motion for injunctive relief on July 1, 2019, asserting generally that his "federal speedy trial rights" were being violated, his Missouri speedy trial rights were being violated, and Corizon "has refused to issue chronic heart disease medication." "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between the injury claimed in the motion and the conduct asserted in the complaint. Consequently, the motion for injunction will be denied.

[2]In that case, plaintiff asserted he was a "class of one" and that he was bringing an equal protection claim, however, he never asserted how he was treated different from others similarly situated.

forma pauperis in this action. As a result, the Court will deny plaintiff's motion for leave to proceed in forma pauperis, and will dismiss this case without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [Doc. #7] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #9] is **DENIED** as moot.

Dated this 4th day of September, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE