# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| HOSEA L. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:19-CV-99 SPM |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This closed civil matter is before the Court upon a post-judgment motion filed by plaintiff Hosea L. Robinson. In the motion, plaintiff can be understood to allege the Missouri Department of Corrections ("MDOC") has improperly debited his institution account to satisfy his fee obligations in this case. He can also be understood to seek additional documentation of fees he has paid. For the reasons explained below, the motion will be denied.

### Background

Plaintiff commenced this civil action on June 20, 2019, and moved for leave to proceed *in forma pauperis*. On September 4, 2019, the Court denied plaintiff's motion after determining he was ineligible to proceed *in forma pauperis* because of the application of 28 U.S.C. § 1915(g), and dismissed the case. On September 17, 2019, plaintiff filed a notice of appeal in the United States Court of Appeals for the Eighth Circuit. On February 10, 2020, the Court of Appeals dismissed plaintiff's appeal and assessed the full $505 appellate filing fees against him, and remanded the collection of those fees to this Court.[1]

---

[1] It does not appear that this Court has yet assessed the appellate filing fees. Simultaneously with this Memorandum and Order the Court will enter an Order assessing those fees.

Plaintiff avers the instant motion relates to this case and two other closed civil actions he previously commenced in this Court: *Robinson v. State of Missouri, et al.,* No. 4:18-CV-1225-JAR (E.D. Mo. 2018) and *Robinson v. City of St. Louis, et al.,* No. 4:19-CV-1767 CDP (E.D. Mo. 2019). Review of the records from those closed civil matters shows that plaintiff filed the instant motion in those actions as well. Plaintiff requests documentation of "the exact amount of filing fees owed" for the civil cases he has filed, and he asks that "a complete copy of these charges be mailed to him/me as soon as possible." He indicates he believes the MDOC is improperly debiting his institutional account to satisfy his filing fee debts, and that he has been overcharged. He avers he filed this case and the above-cited civil cases to vindicate his wrongful conviction and unlawful imprisonment, and that he should not be charged separate fees for each case.

## Discussion

As indicated above, the Court determined plaintiff was ineligible to proceed *in forma pauperis*, and dismissed this case. However, because plaintiff commenced this action, he remains responsible for paying the civil filing fee. *See e.g., In re Tyler*, 110 F .3d 528, 529-530 (8th Cir. 1997) (Even if a prisoner's case is dismissed, he will be assessed the full filing fee because the Prison Litigation Reform Act of 1996 "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

At the time plaintiff commenced this action, 28 U.S.C. § 1914(a) required the Clerk of this Court to collect a $350 filing fee for bringing a civil action, and 28 U.S.C. § 1914(b) required the Clerk to collect an additional fee as prescribed by the Judicial Conference of the United States. At the time plaintiff commenced this action, such additional fee was $50, and was to be collected unless the plaintiff was granted *in forma pauperis* status. As plaintiff herein was not granted *in forma pauperis* status, the additional fee applied and brought plaintiff's total financial obligation

for the filing of this civil action to $400. Additionally, plaintiff became responsible for paying the $505 appellate filing fee upon filing the notice of appeal, and as indicated above, the Court of Appeals has already assessed such fee against plaintiff.

Review of this Court's records fails to demonstrate receipt of payments in this matter in excess of either of those financial obligations. On April 21, 2021, this Court sent plaintiff a copy of his payment history in *Robinson v. City of St. Louis, et al.,* No. 4:19-CV-1767 CDP (E.D. Mo. 2019), as well as this case and in *Robinson v. State of Missouri, et al.,* No. 4:18-CV-1225-JAR, which should satisfy his request for an accounting of the payments he has made to date.[2]

To the extent plaintiff can be understood to seek an order enjoining the MDOC from debiting his institution account to pay fees in this action, or to provide him with documentation it has not already provided, such request is denied. Plaintiff has not demonstrated that the MDOC has failed to comply with 28 U.S.C. § 1915(b)(2) or used an incorrect collection method, nor has he demonstrated he has paid more than he owes in this action.

Despite plaintiff's averments, the fact he commenced other civil actions and appeals does not relieve him of the obligation to pay the civil or appellate fees in this action, regardless of the nature of his claims or the manner in which they were disposed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion (ECF No. 30) is **DENIED**.

Dated this 27th day of April, 2021.

                                                                                 */s/ Henry Edward Autrey*
                                                                                 HENRY EDWARD AUTREY
                                                                                 UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff requested the accounting in *Robinson v. City of St. Louis, et al.,* No. 4:19-CV-1767 CDP (E.D. Mo. 2019), and the docket entries indicating the fee statements were provided to plaintiff were made in that case.